FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 20 2013 ★ Rec'd 11/20/13
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HUASCAR LEMBERT,

       Plaintiff,

  -against-

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS,

       Defendants.
-----------------------------------------------------------x

MEMORANDUM & ORDER

13-cv-4988 (ENV)

VITALIANO, D.J.,

  Alex Ramirez, then an inmate at Rikers Island, filed what purports to be a § 1983 action on behalf of then fellow inmate Huascar Lembert. Lembert was to proceed *pro se* thereafter. In the complaint, Ramirez included a "Power of Attorney" form signed by Lembert that designed to grant Ramirez authority to "act and initiate all section 1983 papers for my Federal Lawsuit."

  By letter, dated September 6, 2013, the Court instructed Lembert that a power of attorney cannot be used to commence a federal action. See Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998). That letter informed Lembert that, in order to proceed *pro se*, he must sign the complaint himself and either pay the $350 filing fee or return a completed *in forma pauperis* application, and to do so within 14 days from receipt of the letter. On October 16, 2013, the letter, which was sent to Lembert at his Rikers Island address as listed on the complaint, was returned as undeliverable. Lembert did not provide an alternative address, although based on

1

the contents of the complaint, it appears that he may now be (or was formerly) "residing in Queens."[1] As Lembert has not provided the Court with an active mailing address, the Court has no way to contact him. On these facts the complaint must be dismissed, but without prejudice. Rossman v. Suffolk Times, 2013 WL 4065020, at *1 (E.D.N.Y. 2013).

## Conclusion

In line with the foregoing, plaintiff's complaint is dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
November 11, 2013

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

---

[1] Though technically in Bronx County, this may refer to his Riker's Island address since the correctional facility there is connected by bridge to Queens County.